UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA S. MOORE, SR. ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0914 |
| ] | Judge Campbell |
| RUTHERFORD COUNTY ADULT ] | |
| DETENTION CENTER, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against the Center and Miss Minter, the Program Director at the jail, seeking injunctive relief and damages.

The plaintiff applied to attend a G.E.D. class being given at the Rutherford County Adult Detention Center. Miss Minter denied plaintiff's application, citing his recent removal to a segregated housing unit. The plaintiff claims that the refusal to allow him to attend the G.E.D. class was a violation of his constitutional rights.

To establish a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of a right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535

(1981).

A prisoner has no federally protected right to participate in a rehabilitative program such as a G.E.D. class. Hutto v. Finney, 437 U.S. 678 (1978). As a consequence, the plaintiff has failed to show that defendants' refusal to allow him to attend the class has violated his constitutional rights.

In the absence of a constitutional deprivation, the plaintiff is unable to prove every element of a § 1983 cause of action. The plaintiff, therefore, has failed to state a claim upon which relief can be granted. Under such circumstances, the Court is obliged to dismiss the instant action *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Todd Campbell
United States District Judge